UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GLENN CHARLES AYO (#531823)  CIVIL ACTION

VERSUS

NO.: 19-00449-BAJ-RLB

LOUISIANA DEPARTMENT
OF CORRECTIONS, ET AL.

## ORDER

Before the Court is the Plaintiff's **Motion for Injunctive Relief (Doc. 7)** asking the Court to: (1) order the Clerk of Court to provide the Plaintiff with copies of certain documents at no cost to the Plaintiff; (2) order the Warden of Louisiana State Penitentiary to diligently search for all of the Plaintiff's missing property which includes his legal work; and (3) sternly warn all Defendants that any further acts of reprisal will be met with charges for contempt of court, monetary fines, and injunctive relief.

In order to obtain injunctive relief, a plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for

1

granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

On the record before the Court, the Plaintiff is not entitled to the relief requested. The Plaintiff is unable to demonstrate a substantial likelihood of success on the merits. Further, the Plaintiff has not shown a substantial threat of irreparable injury if the injunction is not granted.

First, the Plaintiff's request that the Clerk of Court be ordered to provide him with copies of certain documents is moot. On September 25, 2019, the Clerk of Court was ordered to forward the Plaintiff copies of all the documents requested herein. *See* Doc. 8. Thus, this request has been satisfied.

With regards to the Plaintiff's lost property, it is recognized that Louisiana law provides ample remedies under which the Plaintiff can proceed against the Defendants for recovery of his property or for reimbursement for its loss. *Marshall v. Norwood*, 741 F.2d 761, 763 (5th Cir. 1984). As such, there is no threat of irreparable injury regarding the Plaintiff's lost property.

Finally, as to the Plaintiff's request that Defendants be warned against further acts of reprisal, the Court notes that service has not yet been made on any named Defendant. Additionally, in the Plaintiff's allegations regarding alleged acts of retaliation, he has not directly identified any specifically named Defendant responsible for such alleged retaliation. All such allegations are entirely conclusory and are below the pleading standard required for injunctive relief. See Federal Rule of Civil Procedure 65.

Accordingly,

**IT IS ORDERED** that the Plaintiff's Motion for Injunctive Relief (Doc. 7) is **DENIED**.

Baton Rouge, Louisiana, this 13th day of November, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**