UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**GLENN CHARLES AYO (#531823)**              **CIVIL ACTION**

**VERSUS**                                    **19-449-BAJ-RLB**

**LOUISIANA DEPT. OF
CORRECTIONS, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 12, 2020.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　RICHARD L. BOURGEOIS, JR.
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**GLENN CHARLES AYO (#531823)**  **CIVIL ACTION**

**VERSUS**  **19-449-BAJ-RLB**

**LOUISIANA DEPT. OF
CORRECTIONS, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]**

Before the Court is Plaintiff's Motion for Leave to File Amended Complaint and Sever Claims against Randy Laverspere and Paul Marion Toce, Jr. for Deliberate Indifference to Fecal Impaction. (R. Doc. 47). The motion is partially opposed. (R. Doc. 49).[2]

**I.  Background**

On July 8, 2019, Glenn Charles Ayo ("Plaintiff"), proceeding *pro se*, commenced this civil rights action under 28 U.S.C. § 1983 after he was allegedly injured when he fell using a bunk bed ladder on July 1, 2018. (R. Doc. 1).

On October 24, 2019, Plaintiff filed an Amended Complaint. (R. Doc. 10). In this pleading, Plaintiff specifically asserted claims under the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") related to his alleged hand-related disability. (R. Doc. 10 at 15-20). Plaintiff also added a potential claim for "deliberative indifference to fecal impaction" against Randy Lavespere and Paul Marion Toce, Jr. for issues arising in September of 2019. (R. Doc. 10 at 14-15). With respect to this potential "fecal impaction" claim, Plaintiff specifically asserted the following in a footnote:

---

[1] Because the recommended disposition results in the dismissal of certain claims, the instant motion is dispositive and therefore a Report and Recommendation by the magistrate judge is appropriate.

[2] This memorandum was filed for defense counsel who has made an appearance on behalf of the Louisiana Department of Public Safety & Corrections, James LeBlanc, Sharon Gallien, Randy Lavespere, and Paul Toce, Jr. (collectively, "Defendants").

> Since filing this complaint, Mr. Ayo suffered injury from catastrophic fecal impaction resulting in rupture of his stomach liming and muscle directly attributable to the unconstitutionally slow process of obtaining access to persons licensed to triage and practice medicine.  The circumstances underlying this injury are <u>still being exhausted through the administrative remedy procedure</u> and should NOT be construed as a claim in *this* case, but may be amended if exhaustion is completed in time to do so without prejudicing any party.  This most recent injury is mentioned (at this point) **only** to illustrate the unconstitutionally laggard process LSP prisoners must consummate to gain access to medical care for serious medical needs.

(R. Doc. 10 at 5) (emphasis in original).

On November 8, 2019, Plaintiff filed a Second Amended Complaint in which he added additional defendants. (R. Doc. 26).  This pleading retains the foregoing footnote in full with the exception that the word "NOT" has been physically redacted. (R Doc. 26 at 6).

On March 4, 2020, counsel enrolled on behalf of Plaintiff. (R. Doc. 39).

Through the instant motion, Plaintiff seeks leave to file a Third Amended Complaint, and simultaneously seeks leave to sever the § 1983 claims for deliberate indifference to fecal impaction against Dr. Lavespere and Dr. Toce from the instant action so that he can pursue them *pro se.*" (R. Doc. 47 at 1).

## II.    Law and Analysis

### A.    Motion to Amend

Under Rule 15(a)(2), after the period for amending as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)).  Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for

leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). The Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In seeking leave to amend, Plaintiff asserts that the proposed pleading "1) streamlines Mr. Ayo's claims under the Americans with Disabilities Act and Rehabilitation Act; 2) clarifies Mr. Ayo's claims against EMT Sharon Gallien pursuant to 42 U.S.C. § 1983; and 3) does not contain any of the other claims pursuant to 42 U.S.C. § 1983 that were alleged in the Second Amended Complaint [R. Doc. 26]." (R. Doc. 47 at 1). This portion of Plaintiff's motion is unopposed. (R. Doc. 49 at 3).

The Court finds no basis to deny amendment, which is timely, unopposed, and removes various defendants from this lawsuit. There is no dispute that, in light of amendment, the only remaining defendants that the sole defendants named in the Third Amended Complaint are the Louisiana Department of Public Safety & Corrections, James LeBlanc, and Sharon Gallien.

### B. Motion to Sever

Plaintiff further requests the Court to "sever the §1983 claims for deliberate indifference to fecal impaction against Dr. Lavespere and Dr. Toce from the instant action so that he can pursue them *pro se*." (R. Doc. 47 at 1). Plaintiff represents that his counsel is declining to represent him on this fecal impaction claim, which Plaintiff admits has "no factual nexus to his ADA/RA claims." (R. Doc. 47 at 5). Defendants oppose this relief on the basis that Plaintiff has

not actually pled any Section 1983 claims for deliberate indifference to fecal impaction against Dr. Lavespere and Dr. Toce. (R. Doc. 49 at 3).

Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Under Rule 21, a "district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice." *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995). A district court has broad discretion in deciding whether to sever any claim against a party pursuant to Rule 21. *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994). "Since Rule 21 does not provide any standards by which district courts can determine if parties are misjoined, courts have looked to Rule 20 for guidance." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010). Rule 20 provides that a person may be joined as a defendant if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

As a preliminary issue, the Court agrees with Defendants that Plaintiff has not actually alleged a "deliberative indifference to fecal impaction" claim. To be clear, *pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a pro se plaintiff's] allegations and briefs more permissively"). But Plaintiff alleges in the Second Amended Complaint that he had not yet exhausted the available administrative remedies pertaining to this and was only

mentioning the injury "to illustrate the unconstitutionally laggard process LSP prisoners must consummate to gain access to medical care for serious medical needs." (R. Doc. 26 at 6 n.1). As Plaintiff has only asserted a potential claim regarding catastrophic fecal implantation for illustrative purposes, there is nothing for the court to "sever" from the instant action.

Even if Plaintiff had actually asserted a claim of catastrophic fecal impaction, dismissal without prejudice would be an appropriate remedy. There is no dispute that Plaintiff's claims for fecal impaction do not arise out of the same transaction or occurrence forming the basis of Plaintiff's ADA/RA claims. Accordingly, while the Court may not dismiss the action as a whole in light of the misjoinder, the Court may drop Randy Lavespere and Paul Marion Toce, Jr. as defendants or sever the claims against them. *See* Fed. R. Civ. P. 21. Dismissal without prejudice is appropriate given Plaintiff's own reasons for seeking severance of the claims (the refusal of his counsel to represent him on the claims), as well as Plaintiff's admission that the claim has not been exhausted. Plaintiff may seek relief for this claim by initiating a separate lawsuit.

### III.   Conclusion

**IT IS RECOMMENDED** that Plaintiff's Motion for Leave to File Amended Complaint and Sever Claims against Randy Laverspere and Paul Marion Toce, Jr. for Deliberate Indifference to Fecal Impaction (R. Doc. 47) be **GRANTED IN PART and DENIED IN PART**, the Third Amended Complaint (R. Doc. 47-2) be filed into the record, and the remaining defendants not named in the Third Amended Complaint be **DISMISSED WITHOUT PREJUDICE**.

Signed in Baton Rouge, Louisiana, on August 12, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**