UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**GLENN CHARLES AYO (#531823)**                    **CIVIL ACTION**

**VERSUS**                                         **NO. 19-449-BAJ-RLB**

**LOUISIANA DEPT. OF**
**CORRECTIONS, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 1, 2021.

                                                **RICHARD L. BOURGEOIS, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**GLENN CHARLES AYO (#531823)**     **CIVIL ACTION**

**VERSUS**     **NO. 19-449-BAJ-RLB**

**LOUISIANA DEPT. OF
CORRECTIONS, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On July 10, 2019, Plaintiff initiated the instant matter by Complaint (R. Doc. 1) alleging negligent and insufficient medical care. A Motion to Enroll Counsel (R. Doc. 38) was filed on behalf of Plaintiff on February 28, 2020. The Court entered an Order (R. Doc. 39) enrolling counsel for Plaintiff and a scheduling conference was set for April 9, 2020 (See R. Doc. 41).

A Joint Status Report (R. Doc. 42) was filed and a Scheduling Order (R. Doc. 43) was entered by the Court. On February 2, 2021, a Notice of Death of Plaintiff Pursuant to Fed. R. Civ. P. 25(a)(1) (R. Doc. 61) was filed by defense counsel. Following the notice, defendants filed a Motion to Cancel all Deadlines and Stay Proceedings (R. Doc. 63), which the Court granted (See R. Doc. 63) noting that this matter would be stayed to allow time for the parties time to meet the requirements of Rule 25.

On June 4, 2020, the Court held a telephone conference (R. Doc. 64) to discuss the status of this matter. The parties confirmed the death of the Plaintiff as previously represented to the Court. No motion for substitution has been made. Plaintiff's counsel indicated he does not have a client in this matter. Defense counsel advised that the only identified relative of Mr. Ayo has no interest in pursuing this case.

Pursuant to Rule 25(a)(1), if a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by

the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed. A review of the record as of this date indicates that there has been no motion to substitute by any party or by the decedent's successor or representative.

Therefore,

**IT IS RECOMMENDED** that this matter be dismissed pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure for failure to file an appropriate motion to substitute by any party or decedent's successor or representative.

Signed in Baton Rouge, Louisiana, on June 7, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**